# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Shameka Green, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: |
| ) | 3:15-cv-02581-JMC |
| The Bradley Company; HMU, LLC, ) | |
| ) | |
| ) | **ORDER AND OPINION** |
| Defendants. ) | |
| _____ ) | |
| ) | |
| The Bradley Company, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| v. ) | |
| ) | |
| Hignite Enterprises, LLC, ) | |
| ) | |
| Third-Party Defendant. ) | |
| _____ ) | |

## I.  INTRODUCTION

Plaintiff Shameka Green filed this action seeking actual and punitive damages against Defendants The Bradley Company and HMU, LLC.[1] (ECF No. 4-1.) Plaintiff's request for damages is grounded in three causes of action: 1) Defendants' negligence, 2) Defendants' breach of implied warranty of merchantability under S.C. Code Ann. § 36-2-314 (2014), and 3) Defendants' breach of implied warranty of fitness for a particular purpose under S.C. Code Ann. § 36-2-315. (*Id.*) All three causes of action arise out of an injury Plaintiff suffered in an incident

---

[1]The court notes for the record that Defendant HMU, LLC states in its Answer to Complaint: "The Amended Complaint incorrectly identifies Open Plan Systems, LLC, formerly known as HMU, LLC as HMU, LLC. Defendant authorizes the undersigned attorney to accept service of an Amended Summons and Complaint correctly identifying its true corporate entity. If such a correction is not made, Defendant will move to dismiss this matter." (ECF No. 5 at 1.)

on September 23, 2011 involving the collapse of a desk at her workplace. (*Id.*) This matter is before the court by way of Defendant HMU, LLC's Motion to Dismiss for Plaintiff's failure to file her lawsuit within the applicable statutes of limitations, contravening Rules 12(b)(1), (2), (4), (5), and/or (6) of the Federal Rules of Civil Procedure. (ECF Nos. 4, 4-3).

## II.     JURISDICTION

Defendants properly removed this matter to federal court. *See* 28 U.S.C. § 1441(a) ("Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Because the amount of controversy exceeds the jurisdictional requirement and because the citizens in this action are of different states, this court has original subject matter jurisdiction. *See id.* § 1332.[2]

## III.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff resides in Richland County, South Carolina. (ECF No. 4-1 at 2.) Defendants The Bradley Company and HMU, LLC are corporations existing under the laws of the United States and are authorized to do business and does transact business in Richland County, South Carolina. (*Id.*)

Defendant The Bradley Company purchased desks like the one at issue in this case in another state and conveyed the desks to Plaintiff's workplace, DirecTV (Teleperformance Group,

---

[2] Defendant asserts the amount in controversy here exceeds this jurisdictional amount required by 28 U.S.C. § 1332 and that this action "involves a controversy which is wholly between citizens of different states." (ECF No. 1 at 1–2.) Plaintiff has not filed any objections to this assertion. *See, e.g.*, *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-CV-01739-JMC, 2011 WL 494395, at *1 (D.S.C. Feb. 4, 2011).

2

LLC), in South Carolina. (*Id.* at 3.) Plaintiff was employed there on September 23, 2011, when she allegedly sustained injuries as a result of a collapse of one of those desks. (*Id*.) Plaintiff believes that the collapse was the result of Defendants' negligent installation of the desk and failure to remove original paint prior to repainting and refurbishing the desk. (*Id.* at 3–4.) Plaintiff further alleges that the desk was not merchantable and that Defendants failed to furnish a desk that complied with the purpose for which it was purchased. (*Id.* at 5–6.)

Plaintiff filed her original Complaint against Herman Miller, Inc. and The Bradley Company on June 3, 2014. (ECF No. 12 at 1–2.) She filed her Amended Complaint on May 15, 2015, wherein she replaced Herman Miller, Inc. with the Defendant in this action, HMU, LLC, requesting actual and punitive damages for her alleged injuries. (*Id.*)

## IV.     LEGAL STANDARDS AND ARGUMENTS

### A.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

"A motion to dismiss a complaint as untimely is generally brought under [Federal] Rule [of Civil Procedure] 12(b)(6)." *Derosa v. Colvin*, No. 5:14-CV-414-FL, 2014 WL 5662771, at *1 (E.D.N.C. Nov. 4, 2014) (citing *Moseke v. Miller & Smith, Inc.*, 202 F. Supp. 2d 492, 496 n. 5 (E.D. Va. 2002) and *Veith v. United States*, No. CIV.A 98–0074–R, 1998 WL 920398, at *2 n. 3 (W.D. Va. Nov. 16, 1998)). A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted

3

unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The raising of the statute of limitations as a bar to a plaintiff's cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6) if the time bar is apparent on the face of the complaint. *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) (citations omitted).

A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). The raising of the statute of limitations as a bar to a plaintiff's cause of action may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *See, e.g.*, *Owens v. United States*, 91 F.3d 132 (4th Cir. 1996); *Ammer v. United States*, 56 F.3d 60 (4th Cir. 1995).

B.  Statute of Limitations for Negligence Claims and for Breach of Warranty Claims

S.C. Code Ann. § 15-3-530 (2014) provides for a three-year statute of limitations for negligence claims. Regarding breach of warranty claims, the Uniform Commercial Code's ("U.C.C.") six-year statute of limitations prevails over the general three-year statute of limitations when the U.C.C. applies to the cause of action in the pleading. *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors Div. of Unidynamics Corp.*, 319 S.C. 556 (1995).

Generally, under South Carolina's discovery rules, "the statute of limitations begins to run from the date the claimant knew or should have known that, by the exercise of reasonable diligence, a cause of action exists." *Holmes v. Nat'l Serv. Indus., Inc.*, 717 S.E.2d 751, 753 (S.C.

4

2011); *accord* S.C. Code Ann. § 36–2–725(2) ("A cause of action accrues for breach of warranty when the breach is or should have been discovered."). "The date on which discovery of the cause of action should have been made is an objective, rather than subjective, question." *Bayle v. S.C. Dep't of Transp.*, 542 S.E.2d 736, 740 (S.C. Ct. App. 2001). Where there is no conflicting evidence "as to whether a claimant knew or should have known he had a cause of action," a court may resolve the issue as a matter of law. *Matter v. Titex Corp.*, 500 S.E.2d 204, 207 (S.C. Ct. App. 1998); *see also Barnes v. Schering Corp.*, 16 F.3d 408, No. 93–1638, 1994 WL 20110, at *2 (4th Cir. Jan. 26, 1994) (per curiam) (applying South Carolina law).

C.   <u>Statute of Limitations and the "Relation Back" for Amended Complaints</u>

An amended complaint changing the party against whom a claim is asserted will be allowed to "relate back" to the date the original complaint was filed—thus avoiding a statute of limitations bar—in certain circumstances. *See* S.C. R. Civ. P. 15(c). Specifically, an amendment that changes a defendant will relate back for statute of limitations purposes 1) when the claims against the new defendant stem from the same "conduct, transaction or occurrence" as the original claims, 2) when the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him," and 3) when the new defendant had such notice of the existence of the suit that it "will not be prejudiced in maintaining his defense on the merits." *Id.*; *see Hughes v. Water World Water Slide, Inc.*, 314 S.C. 211, 214 (1994) (holding that with respect to S.C. R. Civ. P. 15(c), "the second and third requirements must have been fulfilled within the prescribed limitations period").

South Carolina courts have further considered what qualifies as a "mistake" for the purposes of amended complaints that could relate back to the date of the original complaint and, for example, have stated: "The language of Rule 15(c) clearly speaks to a *change* in party, not the

5

*addition* of a defendant to an already existing defendant. In our view, the addition of a party is not the same as a substitution or change of party." *Jackson v. Doe*, 342 S.C. 552 (Ct. App. 2000) (ruling that the amended complaint in that case involved the addition of a defendant, that which precluded the amended complaint from relating back to comply with the statute of limitations requirement).

More generally, "both federal and pre-Rule 15 state practice have conditioned the right to amend upon a lack of prejudice to the opposing party." *Forrester v. Smith & Steele Builders, Inc.*, 295 S.C. 504, 507 (Ct. App. 1988) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503 (4th Cir. 1986); *Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986); *Lipscomb v. Poole*, 247 S.C. 425, 147 S.E.2d 692 (1966); H. Lightsey and J. Flanagan, *South Carolina Civil Procedure* 288 (1985)). The party opposing an amendment bears the responsibility of establishing prejudice. *Id.* (citing *Shelton v. Southern Ry. Co.*, 86 S.C. 98, 67 S.E. 899 (1910)). South Carolina courts have further observed that Fed. R. Civ. P. 15(c), the federal corollary to S.C. R. Civ. P. 15(c), "'evinces a bias in favor' of granting amendments and 'unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Id.* (quoting *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

## V.     ANALYSIS

A.     <u>Defendant HMU's Motion to Dismiss (ECF Nos. 4, 4-3)</u>

Defendant HMU, LLC claims that Plaintiff's negligence cause of action is barred by the statute of limitations. In relevant part, it argues:

> Plaintiff was aware or should have been aware of her potential claims . . . three years before filing this action against Defendant.

6

> In the present matter, the incident complained of allegedly occurred on September 23, 2011; thus, the statute of limitations expired on September 23, 2014. Plaintiff filed her original lawsuit against another defendant on June 3, 2014, but did not file her Amended Complaint or any other pleading naming Defendant until May 15, 2015, almost eight months after the expiration of statute of limitations. The addition of a party does not relate back to the filing date of the original Complaint. *Jackson v John Doe 342 SC 552, 537 S.E.2d 567(2000).* In South Carolina, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered. *Dean v. Ruscon Corp., 321 S.C. 360, 468 S.E.2d 645 (1996).* The Plaintiff was clearly aware of a potential cause of action the date in which she was allegedly injured on September 23, 2011. Therefore, Defendant asserts the applicable statute of limitations bars the Plaintiff's claims for Negligence.

(ECF No. 4-3 at 2–3.)

Defendant HMU, LLC further claims that Plaintiff's two breach of warranty causes of action are barred by the statute of limitations. In relevant part, Defendant argues:

> Defendant completed the sale of the desks in question February 9, 2009. (Attachment B). The co-defendant inspected, accepted and re-sold the desk. Plaintiff's employer then inspected, accepted and started using the desk. Any cause of action for breach of warranty concerning these desks would accrue within weeks of the initial sale. Plaintiff personally or through her employer was aware or should have been aware of any problems with the desks at that time. Under this analysis, the U.C.C.'s six (6) year statute of limitations bars the Plaintiff's claims for Breach of Implied Warranty of Merchantability under § 36-2-314 of the S.C. Code Ann., and Breach of Implied Warranty of Fitness for a Particular Purpose under § 36-2-315 of the S.C. Code Ann.

(*Id.* at 4.)

### B.     Plaintiff's Response to Defendant HMU's Motion to Dismiss (ECF No. 12)

In response to Defendant HMU, LLC's Motion to Dismiss, Plaintiff contends:

The Defendant HMU, LLC was not a party to the initial action because Plaintiff did not know of their involvement nor did she have any method or means to ascertain their involvement at the time. . . . Summary judgment is inappropriate and should be denied because a Defendant should not be allowed to hide behind the obfuscation of named Defendants in order to escape potential responsibility.

(ECF No. 12 at 2.)

Plaintiff further explains that it had initiated this action by filing a Complaint, naming as Defendants the manufacturer Herman Miller, Inc., and The Bradley Company. (*Id.* at 1–2.) Apparently, it was subsequently determined that Herman Miller, Inc. was only the manufacturer and had transferred possession of desks such as the one in question to Defendants The Bradley Company and HMU, LLC. (*Id.* at 2.)

Regarding the dismissal of the breach of warranty claims, Plaintiff states:

> Defendant argues that Plaintiff knew or should have known of any alleged breaches of warranties before May 15, 2009 which is apparently concomitant with the dates that HMU, LLC transferred the desks to Plaintiff's employer. Defendant's position on this issue is patently erroneous because it is obvious Plaintiff cannot be charged with knowledge of any relevant transaction dates and most certainly the statute of limitations as to her injuries resulting from any breaches of warranties could not begin prior to the actual date of her injury which was September 23, 2011.

(*Id.* at 2–3.)

### C. The Court's Analysis

#### 1. *Negligence Cause of Action*

Plaintiff's negligence claim is not barred by the statute of limitations because her Amended Complaint of May 15, 2015 relates back to the original filing date of June 3, 2014. This date is less than three years after the date the statute of limitations for the negligence claim began to accrue on September 23, 2011. This brings her cause of action within the three-year statute of limitations for negligence claims in South Carolina.

Defendant HMU, LLC argues that naming it as Defendant in the Amended Complaint qualifies as an "addition" of a new defendant, and that the failure to name it in the original complaint therefore was not a "mistake" for the purposes of relating back under Rule 15(c). (ECF No. 4-3 at 2–3 (citing *Jackson v. Doe*, 342 S.C. 552 (Ct. App. 2000).) But *Jackson* makes clear that while *additions* do not qualify as mistakes under Rule 15(c), *substitutions* do. *See Jackson*,

8

342 S.C. 552 at 558–59 ("Had [Plaintiff] *substituted* [one defendant] for John Doe [another defendant] or simply corrected the name of the defendant, then the amendment should have been analyzed in light of the requirements of Rule 15(c) . . . for a determination of whether the amended complaint properly related back to [the plaintiff]'s original action.") (emphasis added). It appears here that Plaintiff's naming of Defendant HMU, LLC in the Amended Complaint was a substitution for the manufacturer in the original complaint, Herman Miller, Inc., who had transferred possession of the desks to Defendant HMU, LLC. Thus, Plaintiff's substitution of HMU, LLC for Herman Miller, Inc. should qualify as a "mistake" under S.C. R. Civ. P. 15(c).[3]

Proceeding then with the requirements of Rule 15(c), first it is evident that the claims against Defendant HMU, LLC arise out of the same conduct or occurrence of injuries incurred from the collapse of the desk. Second, it is not unreasonable to presume that Defendant HMU, LLC knew that, but for Plaintiff Green's mistake about the owner of the desks, the action would have been brought against it since possession of the type of desks in question was transferred from Herman Miller, Inc. to Defendant HMU, LLC.

Lastly, it is reasonable to infer that Defendant HMU, LLC had such notice of the suit that it would not be prejudiced in defending this action on the merits. Generally, "both federal and pre-Rule 15 state practice have conditioned the right to amend upon a lack of prejudice to the opposing party." *Forrester v. Smith & Steele Builders, Inc.*, 295 S.C. 504, 507 (Ct. App. 1988). And in South Carolina, "[i]t is the responsibility of a party opposing an amendment to establish prejudice." *Id.* (citing *Shelton v. Southern Ry. Co.,* 86 S.C. 98 (1910)). Neither in its Motion nor at a hearing on this very issue did Defendant HMU, LLC "identif[y] [any] prejudice nor have they identified any information or fact that they did not know as of the filing date of the original complaint."

---

[3] By contrast, for example, had Herman Miller, Inc. remained as a Defendant, then the inclusion of Defendant HMU, LLC in the Amended Complaint conceivably would qualify as an "addition."

*Freight Drivers & Helpers Local Union No. 557 Pension Fund v. Penske Logistics LLC*, 784 F.3d 210, 218 (4th Cir. 2015) (considering the prejudice analysis for the relation back of amended complaints under the federal rules).

Therefore, the Amended Complaint regarding the negligence action relates back and falls within the statute of limitations because it comports with the requirements of S.C. R. Civ. P. Rule 15(c). Defendant's Motion to Dismiss on this ground therefore is denied.

### 2. *Breach of Warranty Causes of Action*

Plaintiff's breach of warranty claims are not barred by the statute of limitations because the statute of limitations for the breach of warranty claims began to accrue on September 23, 2011. This brings her cause of action within the requisite statute of limitations for breach of warranty claims in South Carolina.

For the two breach of warranty causes of action, Defendant HMU, LLC argues that Plaintiff personally, or through her employer, was aware or should have been aware of any problems with the desks when the sale and transfer of the desks were completed in 2009. (ECF No. 4-3 at 2–4.) However, Defendant gives no explanation as to how or why Plaintiff or her employer would or should have been aware of such problems. *See Holmes v. Nat'l Serv. Indus., Inc.*, 717 S.E.2d 751, 753 (S.C. 2011) (stating that "the statute of limitations begins to run from the date the claimant knew or should have known that, by the exercise of reasonable diligence, a cause of action exists"); *accord* S.C. Code Ann. § 36–2–725(2) (2014) ("A cause of action accrues for breach of warranty when the breach is or should have been discovered."). For example, in another district court case considering the statute of limitations for warranty claims under South Carolina law, the court explained:

> [Plaintiff] knew in April of 2005 that her ObTape had become unattached and was causing certain symptoms. At that time, a person of common knowledge and

> experience in [Plaintiff]'s position would have been on notice that her injuries may be related to [Plaintiff] and would have been able to begin an investigation to determine whether those injuries were caused by a problem with ObTape, a problem with the implantation surgery, or some other problem. . . . Freeland did not file her Complaint until . . . more than six years after her cause of action accrued. Therefore, both her tort claims and her breach of warranty claims are barred by the applicable statutes of limitation . . .

*In re Mentor Corp. ObTape Transobturator Sling Products Liab. Litig.*, No. 4:08-MD-2004 CDL, 2013 WL 503074, at *3 (M.D. Ga. Feb. 11, 2013) *aff'd sub nom. Curtis v. Mentor Worldwide, LLC*, 543 F. App'x 901 (11th Cir. 2013). *See also, e.g.*, *Barnes v. Schering Corp.*, 16 F.3d 408 (4th Cir. 1994) (evaluating the product liability claims of a plaintiff who claimed that she suffered injuries as a result of her mother's ingestion of the drug diethylstilbestrol (DES) while she was pregnant with the plaintiff and determining that, under South Carolina law, the plaintiff knew or, through the exercise of reasonable diligence, should have known that she had a cause of action because 1) plaintiff was aware that her mother had taken DES; 2) plaintiff was aware that she had numerous gynecological problems; and 3) the plaintiff's doctor discussed with the plaintiff the association between her problems and DES).

Here, Plaintiff Green was a customer service representative at the employment site of the alleged injury. (ECF No. 12 at 1.) As Plaintiff points out, she presumably was not in "a management position or any position which would be remotely responsible for procurement or maintenance of the desk at her employer's facility." *Id.* And Defendant simply has not made clear what, given these facts, would have "put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist" before the injury occurred in this case. *See Bayle v. S.C. Dep't of Transp.*, 542 S.E.2d 736, 740 (S.C. Ct. App. 2001). This court therefore also denies Defendant's Motion to Dismiss on this ground.

## VI.     CONCLUSION

For the reasons set forth above, this court **DENIES** Defendant's Motion to Dismiss (ECF Nos. 4, 4-3).[4]  This court also **DISMISSES** Plaintiff's request for punitive damages under her breach of warranty claims.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 24, 2015
Columbia, South Carolina

---

[4] This court finds that the same analysis herein applies to any statute of limitations argument under either a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction or a Rule 12(b)(6) motion to dismiss for failure to state a claim.  Moreover, in light of this court's ruling, it finds moot Defendant HMU, LLC's potential arguments related to service of process for a motion to dismiss under Rules 12(b)(4) and (5).

This court also takes note that Plaintiff agrees that her request for punitive damages under her breach of warranty claims should be dismissed.  (ECF No. 12 at 3.)  *See Rhodes v. McDonald*, 345 S.C. 500, 505 (Ct. App. 2001).  Therefore, this court dismisses Plaintiff's request for punitive damages under her breach of warranty claims.