IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shameka Green, ) | |
| ) | Civil Action No. 3:15-cv-02581-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| The Bradley Company; Open Plan Systems, ) | |
| LLC, f/k/a HMU, LLC, [1] ) | |
| ) | |
| Defendants. ) | |
| _____ ) | **ORDER AND OPINION** |
| The Bradley Company, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Hignite Enterprises, ) | |
| ) | |
| Third-Party Defendant. ) | |
| _____ ) | |

Plaintiff Shameka Green filed this action seeking actual and punitive damages against Defendants The Bradley Company and Open Plan Systems, LLC for injuries Plaintiff suffered in an incident on September 23, 2011, involving the collapse of a desk at her workplace. (ECF No. 4-1.) Plaintiff's request for damages is grounded in three causes of action: 1) Defendants' negligence, 2) Defendants' breach of implied warranty of merchantability under S.C. Code Ann.

---

[1] In its Answer, Defendant Open Plan Systems, LLC clarified: "The Amended Complaint incorrectly identifies Open Plan Systems, LLC, formerly known as HMU, LLC as HMU, LLC. Defendant authorizes the undersigned attorney to accept service of an Amended Summons and Complaint correctly identifying its true corporate entity. If such a correction is not made, Defendant will move to dismiss this matter." (ECF No. 5 at 1.) The court corrects Defendant's name here for the record.

1

§ 36-2-314 (2016), and 3) Defendants' breach of implied warranty of fitness for a particular purpose under S.C. Code Ann. § 36-2-315 (2016). (*Id.*)

This court originally denied the Motion to Dismiss of Defendant Open Plan Systems, LLC ("Defendant") regarding all three causes of actions against it. Now before the court is Defendant's Motion to Alter Judgment (ECF No. 25) with respect to the negligence claim. For the reasons explained below, this court **GRANTS** Defendant's Motion to Alter Judgment (ECF No. 25).

## I. RELEVANT FACTUAL BACKGROUND

According to Plaintiff, Defendant The Bradley Company purchased the desk at issue and installed it at Plaintiff's workplace, DirecTV (Teleperformance Group, LLC). (ECF No. 4-1 at 3.) Defendant Open Plan Systems, LLC allegedly was the "refurbisher, supplier and purveyor" of the desk. (*Id.*)

Plaintiff was employed at DirecTV, where she allegedly sustained injuries as a result of the desk's collapse on September 23, 2011. (*Id.*) Plaintiff claims the collapse was the result of the negligent installation of the desk and the negligent failure to remove original paint prior to repainting and refurbishing the desk. (*Id.* at 3–4.) Plaintiff further alleges that the desk was not merchantable and that Defendants failed to furnish a desk that complied with the purpose for which it was purchased. (*Id.* at 5–6.)

Plaintiff filed her original Complaint against Herman Miller, Inc. and The Bradley Company on June 3, 2014. (ECF No. 12 at 1–2.) She filed her Amended Complaint on May 15, 2015, wherein she replaced Herman Miller, Inc. with the Defendant in this action, Open Plan Systems, LLC. (*Id.*) In her Amended Complaint, Plaintiff brings claims of negligence, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. (*See generally* ECF No. 4-1.)

## II. ANALYSIS

*A. The Court's Original Order Denying Defendant's Motion to Dismiss*

In its Motion to Dismiss, Defendant argued that the statute of limitations barred Plaintiff's negligence claim since Plaintiff did not file the Amended Complaint against it until May 15, 2015, (ECF No. 4-3 at 2–4), almost eight (8) months after the negligence claim's statute of limitations had run. In its original Order denying Defendant's Motion to Dismiss, this court concluded that Plaintiff's Amended Complaint "related back" under Rule 15(c) of the Federal Rules of Civil Procedure. (ECF No. 22 at 9–10 (footnote omitted).)

> Rule 15(c) allows for a claim to relate back to the date of the original pleading if:
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). The court found that Plaintiff's claims complied with all of Rule 15(c)'s requirements, thereby avoiding being barred by the statute of limitations.

Among other conclusions to support this finding, this court specifically concluded that Defendant, as a substitute party under Rule 15, had sufficient notice within the required period for which Rule 4(m) of the Federal Rules of Civil Procedure provides. The court reasoned:

> [I]t is not unreasonable to presume that Defendant . . . knew that, but for Plaintiff Green's mistake about the owner of the desks, the action would have been brought against it since possession of the type of desks in question was transferred from Herman Miller, Inc. to Defendant . . . . Lastly, it is reasonable to infer that Defendant . . . had such notice of the suit that it would not be prejudiced in defending this action on the merits.

(ECF No. 22 at 9.)

Defendant challenges this court's ruling, stating that the denial of its Motion to Dismiss was a "clear error of law, creating a manifest injustice" under Rule 59(e) and that the court should therefore grant its Motion to Alter Judgment. (ECF No. 25 at 2.) Defendant specifically avers that it had no notice of Plaintiff's claims until it was served with the Amended Summons and Complaint well after the prescribed statute of limitations for the negligence claim. (*Id.* at 5–6.) As to the court's presumption that Defendant had notice when the original substituted party, Herman Miller, was served, Defendant argues that "[t]here is nothing in the record of this case to indicate [it] has or had any connection to Herman Miller, Inc. that would give rise to this charge of knowledge."[2] (*Id.* at 5.)

*B. The Court's Review*

"Notice may be presumed when the nature of the claim is apparent in the initial pleading and the added defendant has either a sufficient identity of interest with the original defendant or received formal or informal notice of the claim." *Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989). First, Defendant denies ever having received formal or informal notice of the negligence claim before the statute of limitations had already run, and, upon reconsideration, this court has no clear reason to doubt Defendant's assertion. Second, although this court in its original Order suggested that a "sufficient identity of interest" existed based on Plaintiff's allegation that the substituted defendant (Herman Miller) had "transferred possession" of desks like the one here to Defendant, the record and relevant caselaw demonstrate that presuming Defendant's notice of the claim on this basis, even if it is theoretically reasonable, is

---

[2] In response, Plaintiff argues that this court's original Order was correct and that Defendant's Motion to Alter Judgment should be denied since "it is certainly not unreasonable to presume that the additional Defendants but for Plaintiff's mistake about the owner of the desk the action would have been brought against the subsequent Defendants." (ECF No. 38 at 3–4.)

not well-supported. In particular, it was not evident that Defendant and Herman Miller were represented by the same attorneys, were in a parent-subsidiary relationship, or were otherwise closely related business entities—the kinds of factors the Court of Appeals for the Fourth Circuit and other district courts have regularly assigned weight in presuming notice for new parties under Rule 15(c). *See, e.g.*, *Goodman v. Praxair, Inc.*, 494 F.3d 458, 475 (4th Cir. 2007) ("[W]e can conclude that when a plaintiff alleges a comprehensible claim against one of a group of closely related and functioning business entities or corporations, the other entities in that group, barring a contrary showing, will be charged with knowledge under Rule 15[] of the entity properly answerable to the claim."); *Wilkins v. Montgomery*, 751 F.3d 214, 225–26 (4th Cir. 2014) (refusing to impute notice because, unlike in *Goodman*, the evidence demonstrated that defendant had not received notice of the lawsuit, the defendant had a different attorney, the plaintiff provided no evidence that the defendant "kept in touch" such that he could be considered "closely related," and finally because there was no evidence that the defendant worked "so closely" with the party originally sued that imputing knowledge of the lawsuit was appropriate).

Upon closer review of the record before the court, in addition to a more thorough review of relevant caselaw on the specific issue of notice under Rule 15(c), this court agrees with Defendant and finds that it committed error in imputing notice based on its presumed relationship with Herman Miller. Of special import to this court on this issue is that denying Defendant's Motion to Dismiss deprived it of its statute of limitations defense with regard to Plaintiff's negligence cause of action against it. *See Goodman*, 494 F.3d at 471 ("At bottom, the inquiry, when determining whether an amendment relates back looks . . . into whether the rights of the new party, grounded in the statute of limitations, will be harmed if that party is brought into the litigation."). As the Fourth Circuit has explained:

5

> Rule [15]'s description of when . . . an amendment relates back to the original pleading focuses on the *notice to the new party* and *the effect on the new party* that the amendment will have. These core requirements preserve for the new party the protections of a statute of limitations. They assure that the new party had adequate notice *within the limitations period* and was not prejudiced by being added to the litigation.

*Id.* at 470 (emphasis in original). With these protections in mind, the court modifies its original Order denying Defendant's Motion to Dismiss and now grants the Motion to Dismiss with respect to the negligence claim against Defendant. *See Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (stating that Rule 59 "permits district courts to correct its errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." (internal quotation marks and citations omitted).)

### B. *Dismissal of Breach of Warranty Claims*

Plaintiff includes two additional causes of actions in her Amended Complaint for breach of implied warranty of merchantability under S.C. Code Ann. Section § 36-2-314 and breach of implied warranty of fitness for a particular purpose under S.C. Code Ann. § 36-2-315. The original Order denied dismissal of all of Plaintiff's claims against Defendant based on Rule 15(c)'s relation-back standard; the court never reached the specific issue of whether the longer, six (6)-year statute of limitations for Plaintiff's breach of warranty claims had run such that it was necessary to dismiss Plaintiff's breach of warranty claims specifically. The court thus considers that issue here.

In its Motion to Dismiss, Defendant asserted that "Plaintiff may not have standing to claim [its breach of warranty] causes of action due to not having privity, nor pleading an actual sale as required by the U.C.C., or for other reasons that may be determined during discovery." (ECF No. 4-3 at 3.) Defendant further argues that assuming such standing, Plaintiff's breach of warranty causes of action are barred by the six (6)-year statute of limitations required by § 36-2-725 of the

S.C. Uniform Commercial Code.  (*Id.* at 3–4.) This is because, Defendant argues, "Plaintiff personally or through her employer was aware or should have been aware of any problems with the desks" when Plaintiff's employer was re-sold the desks in February 2009.  (*Id.* at 4.)

The statute of limitations for Plaintiff's breach of warranty claims is six (6) years.  S.C. Code Ann. § 36-2-725(1) (2016).  S.C. Code Ann. § 36-2-725(2) further clarifies that the "cause of action accrues for breach of warranty when the breach is or should have been discovered."

This court finds unavailing Defendant's argument that Plaintiff's statute of limitations for her breach of warranty claims began accruing in 2009 when the desks were re-sold.  Defendant offers no evidence for why "within weeks" of being re-sold, Plaintiff "personally or through her employer" should have been aware of problems with the desks.  (ECF No. 4-3 at 4.) Under South Carolina's discovery rule, "the statute of limitations begins to run from the date the claimant knew or should have known that, by the exercise of reasonable diligence, a cause of action exists." *Holmes v. Nat'l Serv. Indus., Inc.*, 717 S.E.2d 751, 753 (S.C. 2011); *see Bayle v. S.C. Dep't of Transp.*, 542 S.E.2d 736, 740 (S.C. Ct. App. 2001) ("The date on which discovery of the cause of action should have been made is an objective, rather than subjective, question."). "In other words, whether the particular plaintiff actually knew he had a claim is not the test.  Rather, courts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist." *Id.* (internal quotation marks omitted).

Here, Plaintiff alleges that she sustained injuries on September 23, 2011, when the desk collapsed, and she filed her Amended Complaint against Defendant in May 2015.  Contrary to what Defendant suggests, this court can ascertain no reason from the record any circumstances before Plaintiff's injury for why "a person of common knowledge and experience" as Plaintiff

7

would have been put on notice that potential breach of warranty claims existed against Defendant. Accordingly, this court finds that Plaintiff filed her Amended Complaint for her breach of warranty claims well within the required six (6)-year statute of limitations.

Further, any potential lacking in privity does not deprive Plaintiff of standing to bring her breach of warranty claims. *Kennedy v. Columbia Lumber and Mfg. Co., Inc.*, 384 S.E.2d 730, 736 (S.C. 1989) ("We have been steadfast in holding that privity of contract as a defense to an implied warranty action is abolished in [South Carolina]."); *see also Rapid Models & Prototypes, Inc. v. Innovated Solutions*, No. 14-277 (NLH/KMW), 2015 WL 4914477, at *7 (D.N.J. 2015) (noting that "privity is not required in . . . South Carolina for purposes of asserting an implied warranty claim"). And to the extent that Defendant challenges whether Plaintiff pleaded an "actual sale," this court disagrees with that challenge, as Plaintiff specifically alleges: "Defendant HMU, LLC, was the refurbisher, supplier and purveyor of the desk in question." (ECF No. 1-1 at 3; *see also* ECF No. 4-2.) Therefore, Plaintiff can proceed with her breach of warranty claims.

Because this court dismisses Plaintiff's negligence claims and upholds its decision to deny Defendant's Motion to Dismiss Plaintiff's breach of warranty claims, it also notes that Plaintiff's claims for punitive damages against Defendant should be dismissed with prejudice, as Plaintiff cannot recover punitive damages under a breach of warranty theory. *See Rhodes v. McDonald*, 548 S.E.2d 220, 222 (S.C. App. 2001).

### III. CONCLUSION

For the foregoing reasons, this court **GRANTS** Defendant's Motion to Alter Judgment (ECF No. 25) with respect to the negligence claim. Plaintiff's breach of warranty claims against Defendant remain, and her negligence claim against Defendant is dismissed.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 7, 2016
Columbia, South Carolina

9