# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Shameka Green, | ) | Civil Action No.: 3:15-cv-02581-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| D.J. Bradley Company, Inc. d/b/a The | ) | |
| Bradley Company and Open Plan Systems, | ) | |
| LLC f/k/a HMU, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | **ORDER AND OPINION** |
| D.J. Bradley Company, Inc. d/b/a The | ) | |
| Bradley Company, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Hignite Enterprises, LLC, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| _____ | ) | |

Plaintiff Shameka Green filed the instant warranty/products liability action against Defendants D.J. Bradley Company, Inc. d/b/a The Bradley Company ("TBC" or "Bradley") and Open Plan Systems, LLC f/k/a HMU, LLC ("OPS" or "HMU") (together "Defendants") seeking damages as a result of injuries she sustained when a desk collapsed on her while working for Teleperformance Group, Inc. ("TGI"). (ECF No. 1-1 at 3 ¶ 9.)

This matter is before the court on Plaintiff's Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 118.) Specifically, Plaintiff seeks to alter or amend the court's Order entered on September 12, 2017 (ECF No. 113) (the "September Order"), that granted OPS' Motion for Summary Judgment (ECF No. 75) as to Plaintiff's claims for breach of the implied warranty of merchantability under S.C. Code § 36-2-314 (2015) and breach of the implied warranty of fitness for a particular purpose under S.C.

Code § 36-2-315 (2015).[1] OPS opposes Plaintiff's Motion to Alter or Amend asserting that the September Order correctly awarded OPS summary judgment on Plaintiff's claims and does not contain clear error. (ECF No. 120 at 1.) For the reasons stated below, the court **DENIES** Plaintiff's Motion to Alter or Amend.

### I. LEGAL STANDARD AND ANALYSIS[2]

In the September Order, the court made the following observations in granting OPS summary judgment on Plaintiff's claims:

> Regardless of the particular theory, a plaintiff must establish: '(1) that he was injured by the product; (2) that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and (3) that the injury occurred because the product was in a defective condition unreasonably dangerous to the user.'") (internal and external citations omitted); *Soaper v. Hope Indus.*, 424 S.E.2d 493, 495 (S.C. 1992) (holding that plaintiff, who purchased film processing machine, "impliedly made known to [defendant] that his particular purpose for the machine was fast film processing" and that "[w]hen the machine failed in that purpose, it was both unmerchantable and unfit for its particular purpose"). Defect claims require competent expert testimony to establish proximate cause. *Disher v. Synthes (U.S.A.)*, 371 F. Supp. 2d 764, 772 (D.S.C. 2005) (applying South Carolina law); *see also Babb v. Lee Cty. Landfill SC, LLC*, 747 S.E.2d 468, 481 (S.C. 2013) ("The general rule in South Carolina is that where a subject is beyond the common knowledge of the jury, expert testimony is required.") (citation omitted).

(ECF No. 113 at 10–11.)

> Upon review of the foregoing, the court finds that Plaintiff has not met her burden of demonstrating the admissibility of Durig's testimony. In support of this finding, the court observes that even though strict application of the *Daubert* factors is not expected in the context of engineering testimony, *see Kumho Tire*, 526 U.S. at 150, it is very difficult to conclude that any *Daubert* factor is satisfied in this circumstance much less analyze what principles and/or methodology Durig used. As a result, the court does not find Durig's testimony to be sufficiently reliable to satisfy the requirements of either Rule 702 or *Daubert* and therefore should be excluded. *Young v. Swiney*, 23 F. Supp. 3d 596, 611 (D. Md. 2014) ("However, to be admissible, the expert testimony need not be irrefutable or

---

[1] The court observes that also on September 12, 2017, Plaintiff's case against Defendant TBC was dismissed based on its settlement. (*See* ECF No. 116.)

[2] The September Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference. (*See* ECF No. 113 at 2–5.)

> certainly correct. Rather, the proponent must show that it is reliable.") (citations and quotation marks omitted); *Fernandez v. Spar Tek Indus., Inc.*, C.A. No. 0:06-3253-CMC, 2008 WL 2185395, at *6 (D.S.C. May 23, 2008) ("It follows that an opinion based on an inadequate or inaccurate factual foundation cannot be a reliable opinion, no matter how valid the principles and methods applied or how well-qualified the expert."). Accordingly, OPS's Motion to Exclude Durig should be granted.
>
> Absent the now-excluded testimony of Durig, Plaintiff is unable to establish either the existence of a defect in the furniture station at issue, or that a defect was the proximate cause of her injury—both essential elements of her claim. Accordingly, OPS is entitled to summary judgment on Plaintiff's claims for breach of the implied warranty of merchantability and breach of the implied warranty of fitness for a particular purpose.

(ECF No. 113 at 14–15.) Plaintiff seeks to alter or amend the foregoing conclusion in the September Order pursuant to Rule 59(e).

A.   <u>Applicable Standard under Rule 59(e)</u>

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

B.  The Parties' Arguments

In her Motion, Plaintiff first argues that the September Order contains clear error of law because "her expert's opinion as stated in his Affidavit was based on evidence which justified the ultimate conclusion that this additional painting [on the desk at issue] and its sequela were the proximate cause of Plaintiff's injuries." (ECF No. 118 at 3.) Plaintiff next argues that even if her expert's opinion was deficient, the issues presented in her case were "within the ambit of a lay person's knowledge and therefore, [][di]d not necessitate expert testimony." (*Id.*) In support of this argument, Plaintiff asserts that her "circumstantial evidence . . . and related evidence would both undergird Plaintiff's expert's opinion and present a factual scenario of circumstantial evidence from which the jury could infer culpability and proximate cause regardless of the exclusion or inclusion of the expert's opinion." (*Id.*) In this regard, Plaintiff asserts that the totality of her "evidence indicates that this [extra paint] defect was the proximate cause of Plaintiff's injury because there is no question that the desk in question fell and Plaintiff's injury followed." (*Id.* at 4.) Therefore, "[t]he conclusions reached by the Court that Plaintiff was unable to establish these [warranty] elements appears to be an invasion of the province of the jury." (*Id.*) Accordingly, Plaintiff urges the court to alter or amend the September Order to deny OPS summary judgment. (*Id.* at 6.)

In its opposition to Plaintiff's Motion to Alter or Amend, OPS asserts that there is no legal support for Plaintiff's argument that the issues in this matter are so simple that either (1) "an expert witness is not required to go forward on her product defect claims" or (2) "her expert's testimony should be admissible to support her theory of causation." (ECF No. 120 at 2, 3.) Moreover, OPS asserts that Plaintiff is expressly asking the court "to allow a jury to speculate as to the cause of the desk failure," the avoidance of which is one of the purposes of

summary judgment. (*Id.* at 3.) Therefore, in light of the aforementioned, OPS asserts that the court correctly granted summary judgment and should further deny Plaintiff's Motion to Alter or Amend. (*Id.* at 5.)

C. The Court's Review

In her Motion, Plaintiff does not make any arguments for reconsideration referencing an intervening change in controlling law, new evidence previously unavailable or manifest injustice. Plaintiff solely seeks to alter or amend the September Order on the basis that it would be an error of law if the court failed to reverse its decision granting OPS' Motion for Summary Judgment on Plaintiff's claims for breach of the implied warranty of merchantability and breach of the implied warranty of fitness for a particular purpose.[3] Specifically, Plaintiff's dispute with the September Order is that she does not believe her warranty claims brought pursuant to state substantive law require expert testimony to establish proximate cause. (*E.g.*, ECF No. 118 at 3–4.) She asserts that "it is a matter of common sense within the purview of the jury's function that 'extra paint equals extra surface to fit into the same size receptacle' thus establishing evidence sufficient to avoid Summary Judgment." (ECF No. 118 at 3–4.)

Plaintiff is correct that "there are instances where expert testimony is not required to prove causation." *In re Lipitor (Atorvastatin Calcium) Marketing, Sales Practices & Prods. Liab. Litig.*, 227 F. Supp. 3d 452, 477 (D.S.C. 2017). "[W]here a lay person can comprehend and determine an issue without the assistance of an expert, expert testimony is not required."

---

[3] Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); *Miller v. Mercy Hosp., Inc.*, 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted).

*Babb v. Lee Cty. Landfill SC, LLC*, 747 S.E.2d 468, 481 (S.C. 2013) (citing *O'Leary–Payne v. R.R. Hilton Head, II, Inc.*, 638 S.E.2d 96, 101 (S.C. Ct. App. 2006) ("[E]xpert testimony is not necessary to prove negligence or causation so long as lay persons possess the knowledge and skill to determine the matter at issue.")). However, even under South Carolina substantive law, the question of whether expert testimony is required "is a question that must be left within the discretion of the trial judge" because of "the fact-specific nature of the determination." *Id.*; *see also City of York v Turner-Murphy Co., Inc.*, 452 S.E.2d 615, 617 (S.C. Ct. App. 1994) ("The application of the common knowledge exception depends on the facts of each case.") (citation omitted).

Upon its review, the court observes that Plaintiff's contentions as to the simplicity of the paint issue are expressly challenged by Plaintiff's expert Bryan Durig's factual description demonstrating its technical complexity. In his Affidavit, Durig provided the following summation of the paint issue:

> I have become aware of additional information regarding the subject workstation and the location of exemplar workstations. Reportedly, paint was used to repaint portions of the workstations without removing the old paint layers from the existing workstation components. Adding layers of paint without removal of the existing paint will decrease the ability of inert wooden or metal parts inside recessed/slotted areas (the inserted piece becomes too thick to fit inside the slot) which can allow the part to be improperly supported. An improperly supported part can fail at a lower load than the designed load due to the supported piece not being in full contact with the inserted piece. Higher stresses will be present since less surface area is in contact between each part. Multiple layers of paint can change the design conditions and loading conditions of the workstation and lead to a failure at a lower loading condition compared to the original design.

(ECF No. 97-9 at 2 ¶ 4.) Based on these facts, the court is not persuaded that it is within the common knowledge of a jury to evaluate the structural stress caused by the addition of paint on the subject furniture station. Therefore, after considering Plaintiff's arguments in the context of the analysis presented in the September Order, the court finds that it did not commit clear error in

reaching its determination that OPS was entitled to summary judgment on Plaintiff's warranty claims. Accordingly, Plaintiff's Motion to Alter or Amend is **DENIED**.

## II.      CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's Motion to Alter or Amend (ECF No. 118) the Order entered on September 12, 2017 (ECF No. 113).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 13, 2018
Columbia, South Carolina